Alvin Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court *527 of Shelby county, for an assault -with- intent to commit murder in the first degree. A motion was made to quash the indictment, which was overruled. ‘' The defendant plead not guilty, was tried and acquitted of the felony, and found guilty of an assault and battery. The verdict of the jury is in these words: “That the defendant is guilty of an aggravated assault and batteryyánd for this oifense they sentence him to confinement in .the county jail for one year, and to pay a fine of five hundred dollars.”
The defendant moved for a new trial, and in arrest of judgment. These motions were overruled, and thereupon the Court proceeded to pronounce. the following judgment: “And thereupon it is considered by the Court, that the defendant, for an aggravated-assault and battery, of which he was found guilty by' thé jury, do undergo confinement in the county jail of Shelby county for and during twelve months, and that he pay to the State of Tennessee five hundred dollars, the fine imposed; and that he be kept in custody until the fine is paid or secured,” etc.; from which an appeal is prosecuted to this Court.
The first objection is, that it does not appear from the indictment, that the Circuit Court of Shelby county had jurisdiction of the offense. The.indictment, in substance, states the offense was committed within the county of Shelby aforesaid. By An Act of the Legislature, exclusive jurisdiction over criminal offenses, committed within the the 5th, 13th and 14th civil districts in Shelby county, is conferred upon the Criminal Court of Memphis. The argument is, that the indictment is fatally defective, because it does not aver the offense was com *528 mitted within the county of Shelby, and outside of said civil districts.
Formerly the objection would have been fatal: 10 Hum., 65. Then it was indispensable that the venue be laid in the indictment, showing the Court had jurisdiction to try and punish the offense. But, by section 5125 of the Code, it is enacted: “It is not necessary for the indictment to allege where the offense was committed.” If the indictment, in this case, had entirely omitted the averment that the offense was committed in Shelby county, there can be no question but that, under this section of the Code, it would have been good.
The Circuit Court had jurisdiction of offenses committed in Shelby county, outside of certain civil districts; and it cannot be ascertained, from an inspection of this indictment, that it did not have jurisdiction of this offense. It may or may not have had the jurisdiction. This question depended upon the proof.
In connection with this question, it is urged that, although by section 5125 of the Code, it may not be necessary that the indictment allege where the offense was committed, yet, inasmuch as it is required by a subsequent clause of the same section that “the proof shall show a state of facts bringing the offense within the jurisdiction of the county in which the indictment was preferred,” and it does not affirmatively appear from this record that such proof was adduced upon the trial, therefore the judgment must be reversed.
If a bill of exceptions, purporting to set out all the evidence in the cause, had been made a part of the re *529 cord in the canse, and it failed to .show the venue necessary to give the Court jurisdiction, then, but for the provisions of section 5242, sub-sectio.n.-9, of the Code, the plaintiff in error would have been entitled to a reversal of the judgment. That section provides, that when a person, indicted or presented for a criminal offense, is arraigned before a court having jurisdiction of the matter, and pleads not guilty, and is tried upon the merits and convicted, he shall not be entitled to a new trial, or to an arrest of judgment, or to a reversal of the judgment, because the bill of exceptions omits 'to state the venue was proven in the Court below. But no portion of the evidence in the cause is set out in a.Rill of exceptions. We are, therefore, wholly unable to see whether, in fact, the proof showed a state of facts bringing the offense within the jurisdiction of the Court or not; and in such case, we must presume the proof did show a state of facts giving the Court jurisdiction, just as in case of a conviction upon a plea of not guilty, and the proof is not set out in the record. We are bound to presume it established the ghilt of the accused.
It is the business of the party seeking a new trial to prepare a bill of exceptions, so as to enable this Court to see that he is entitled to a new trial, and that the Court below erred in overruling the application.
The next objection is, that the Circuit Judge erred in his instructions to the jury. The bill of exceptions shows that the Court “proceeded to charge the jury upon the law, i|i respect to the different degrees of felonious homicide, to which no exception is taken by the defendant.”
A portion, however, of the charge, is set out, together' *530 with the application of the plaintiff in error, for specific instructions; and the complaint now is, as we understand it, that the Court erred in instructing the jury in substance, that they might find the defendant guilty of an assault with intent to commit murder in the second degree, or voluntary manslaughter, and fix the punishment as prescribed by Section 4630 of the Code.
Without stopping to consider the question as to the correctness of these instructions, it is enough to say, we can -not perceive how they could have prejudiced the plaintiff in error, even if it be conceded they were erroneous. The jury were instructed to designate in their verdict, the specific offense, if any, of which they might find the defendant guilty. They did specifically designate the offense of which they found the defendant guilty. They found him guilty of “an aggravated assault and battery.”
This is neither a conviction for an assault with intent to commit, or for otherwise attempting to commit, murder, in the second degree, or voluntary manslaughter, or any offense whatever, under section 4630 of the Code. It is an acquittal of all felonies embraced within the charge, and a conviction of a misdemeanor, which it is conceded is embraced within it.
Conceding, therefore, the instructions complained of were erroneous, it is clear the jury were not misled thereby, or that they operated prejudicially to the rights of the plaintiff in error.
It is insisted in the next place, that the verdict is unauthorized. This is, in some sense, true. Having found the defendant guilty of an-assault and battery, the jury had the power to fix the amount of the fine, if they *531 deemed tlie offense deserved á' greater punishment than a fine of $50; but they had no power to fix the term of imprisonment in the county jail.' That is a power, the exercise of which belonged to the Judge, and it is not denied but that the Judge might have adjudged that, in addition to the fine of $500 inflicted by the jury, the defendant be imprisoned in the county jail for 'twelve months, even without the aid of the verdict.
It certainly was not within the province of the jury to inflict imprisonment in the county jail for the offense of assault and battery. But what difference can that make in the result? The Court has adjudged that the defendant be imprisoned, and,we can not see that it can make any difference that this very punishment was suggested to the Court by the Jury trying the case. If the verdict of a jury'set forth a punishment not within the province of a jury to inflict, this part of the verdict • will be rejected as surplusage, and the finding adjudged adequate: 1 Bish. on Crim. Pro,, § 838.
It is insisted by the Attorney-general for the State, that under the Act of March 15, 1860, the jury had the power to imprison the defendant in the county jail.
We do not think so. That Act must be construed to have reference alone to cases in which the punishment might be by imprisonment in the penitentiary of the State.
There is no error in the record for which the judgment can be reversed.
The judgment will be affirmed, and the cause remanded, in order that the judgment may be executed.